SECOND DIVISION
FILED: June 22, 2010

No. 1-09-1558

| | | |
|---|---|---|
| THE VILLAGE OF BROADVIEW, | ) | PETITION FOR REVIEW |
| | ) | OF ORDER OF THE |
|     Petitioner, | ) | ILLINOIS LABOR |
| | ) | RELATIONS BOARD |
| v. | ) | |
| | ) | |
| THE ILLINOIS LABOR RELATIONS | ) | No. S-RC-06-177 |
| BOARD and THE ILLINOIS COUNCIL | ) | |
| OF POLICE, | ) | |
| | ) | |
|     Respondents. | ) | |

JUSTICE HOFFMAN delivered the opinion of the court:

The Village of Broadview (Village) appeals from a decision of the Illinois Labor Relations Board (Labor Board) which, pursuant to the provisions of the Illinois Public Labor Relations Act (Act) (5 ILCS 315/1 et seq. (West 2006)), certified the Illinois Council of Police (Union) as the exclusive bargaining representative of the sergeants employed by the Village in its police department. For the reasons which follow, we affirm the decision of the Labor Board.

The Union filed a petition with the Labor Board seeking to represent a bargaining unit consisting of the police sergeants employed by the Village. The Village opposed the petition, asserting that the sergeants are supervisors with the meaning of section 3(r) of the Act (5 ILCS 315/3(r) (West 2006)) and,

No. 1-09-1558

therefore, excluded from coverage under the Act (see 5 ILCS 315/3(s)(1) (West 2006)). Following a hearing, an administrative law judge (ALJ) issued a recommended decision and order, in which she found that the sergeants are not supervisors within the meaning of the Act and recommended that the petitioned-for bargaining unit of sergeants be certified by the Labor Board.

The Village filed exceptions to the ALJ's recommended decision and order. Following its review of the record of the hearing before the ALJ, the Village's Statement of Exceptions and the Union's response, the State Panel of the Labor Board issued a decision ordering its executive director to certify the Union as the exclusive representative of the sergeants employed by the Village in its police department. In arriving at its decision, the Labor Board found, inter alia, that the Village had failed to meet its burden of proving that the sergeants are supervisors as defined in section 3(r) of the Act. Thereafter, the Village filed a timely petition with this court for a direct review of the Labor Board's decision.

In urging reversal of the Labor Board's decision, the Village argues that the finding that its police sergeants are not supervisors within the meaning of the Act is against the manifest weight of the evidence. However, before addressing the merits of this appeal, we find need to articulate our standards of review. Our review of a decision of the Labor Board is governed by the Administrative Review Law. 5 ILCS 315/11(e) (West 2008); 735 ILCS

2

No. 1-09-1558

5/3-113 (West 2008). The scope of our review extends to all questions of law and fact presented by the record. 735 ILCS 5/3-110 (West 2008). "The applicable standard of review depends upon whether the question presented in one of fact, one of law, or a mixed question of fact and law." American Federation of State, County and Municipal Employees, Council 31 v. Illinois State Labor Relations Board, 216 Ill. 2d 569, 577, 839 N.E.2d 479 (2005). Questions of law are reviewed de novo. Branson v. Department of Revenue, 168 Ill. 2d 247, 254, 659 N.E.2d 961 (1995). The Labor Board's findings of fact are "held to be prima facie true and correct" (735 ILCS 5/3-110 (West 2008)) and will be disturbed on review only if they are against the manifest weight of the evidence. City of Belvidere v. Illinois State Labor Relations Board, 181 Ill. 2d 191, 204, 692 N.E.2d 295 (1998). The Labor Board's resolution of a mixed question of law and fact will be reversed on appeal only when it is clearly erroneous. American Federation of State, County and Municipal Employees, 216 Ill. 2d at 577.

We turn now to the merits of this appeal. Section 3(s)(1) of the Act provides that a bargaining unit of police officers as determined by the Labor Board shall not include both supervisors and nonsupervisors or supervisors only, except in circumstances not applicable to this case. 5 ILCS 315/3(s)(1) (West 2006). Section 3(r) of the Act provides, in relevant part, as follows:

"'Supervisor' is an employee whose principal work is

3

substantially different from that of his or her subordinates and who has authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, direct, reward, or discipline employees, to adjust their grievances, or to effectively recommend any of those actions, if the exercise of that authority is not of a merely routine or clerical nature, but requires the consistent use of independent judgment. Except with respect to police employment, the term 'supervisor' includes only those individuals who devote a preponderance of their employment time to exercising that authority, State supervisors notwithstanding. In addition, in determining supervisory status in police employment, rank shall not be determinative. The Board shall consider, as evidence of bargaining unit inclusion or exclusion, the common law enforcement policies and relationships between police officer ranks and certification under applicable civil service law, ordinances, personnel codes, or Division 2.1 of Article 10 of the Illinois Municipal Code, but these factors shall not be the sole or predominant factors considered by the Board in determining police supervisory status."
5 ILCS 315/3(r) (West 2006).

Section 3(r) creates a three-part test for determining whether police department employees are supervisors. "[P]olice employees

No. 1-09-1558

qualify as supervisors within the meaning of the Act only if they: (1) perform principal work substantially different than their subordinates; (2) have authority in the interest of the employer to perform one or more of 11 enumerated supervisory functions, or to effectively recommend such action; and (3) consistently use independent judgment in performing or recommending the enumerated actions." City of Freeport v. Illinois State Labor Relations Board, 135 Ill. 2d 499, 512, 554 N.E.2d 155 (1990). A police department employee will be deemed a supervisor and excluded from a bargaining unit only if he meets all three parts of the test. City of Freeport, 135 Ill. 2d at 512. As the party seeking to exclude its police sergeants from a bargaining unit, the Village had the burden of proving, by a preponderance of the evidence, that the sergeants are supervisors within the meaning of section 3(r) of the Act. Illinois Department of Central Management Services v. Illinois Labor Relations Board, 382 Ill. App. 3d 208, 220-21, 888 N.E.2d 562 (2008).

At the time of the hearing before the ALJ, the Village's police department was staffed by a chief of police (chief), one lieutenant, five sergeants, 19 patrol officers, and seven civilian employees. The police department is divided into three divisions: the field operations division, which consists of a lieutenant, three sergeants, and 17 patrol officers; the investigation division, which consists of a sergeant and two patrol officers; and the administration division, which consists of a sergeant and the

5

seven civilian employees. The lieutenant heads the field operations division and acts as the watch commander on the day shift (second shift) from 7 a.m. to 3 p.m.; sergeants act as watch commanders in the field operations division on the midnight shift (first shift) from 11 p.m. to 7 a.m. and the afternoon shift (third shift) from 3 p.m. to 11 p.m. Sergeants head the investigation and administrative divisions. The heads of each division report to the chief.

In its decision, the Labor Board found that the Village failed to prove that the principal work of the sergeants is substantially different from that of their subordinates. The Village argues that the finding is against the manifest weight of the evidence. The Village contends that the sergeants "are authorized, and sometimes required, to perform duties that patrol officers can not and do not." In support of its contention in this regard, the Village has enumerated a number of administrative tasks which the sergeants perform that subordinate officers do not perform; namely: assigning beats, giving daily announcements, adjusting schedules, granting requests for vacation and overtime, giving oral or written reprimands, recommending awards and promotions for subordinates to the chief, adjusting first-step grievances, referring serious grievances up the chain of command, approving I-bonds, giving direct orders to subordinates, approving written reports, suspending patrol officers when necessary, making staffing decisions, approving strip searches, approving written

6

transmissions from one shift to another, determining whether an arrest will be made in a domestic violence situation, authorizing the use of a tranquilizer gun on an animal, giving approval for the removal of a vehicle from a crime scene or traffic stop, and responsibility for the safety and location of prisoners. As the Labor Board correctly found, however, the sergeants employed by the Village lack the authority to suspend a subordinate or to grant a grievance. The record reflects that sergeants have no authority to suspend subordinates and that their only function regarding misconduct, beyond the issuance of an oral reprimand, is to report what they have observed to their lieutenant. Additionally, no sergeant has ever granted a grievance nor does the record reflect that they have the authority to do so. It appears the sergeants do nothing more than forward grievances up the chain of command.

Evidence of record established that, in the field operations division, the sergeants assigned to the first and third shifts spend about 80% of their time performing the same patrol duties as their subordinates. On the second shift, the sergeant spends about 90% of his time engaged in patrol duties. The sergeant assigned to the investigations division testified that approximately 80% of his work day is spent performing duties similar to those of his subordinates.

After consideration of the administrative duties which the sergeants perform, the Labor Board concluded that the duties of the sergeants and their subordinates are not substantially different

7

"because the principal work of both was devoted to patrol, in the manner of patrol officers." In arriving at its conclusion in this regard, the Labor Board seems to have given dispositive weight to the amount of time that the sergeants spend performing patrol duties similar to that of the patrol officers. However, the appropriate test for determining whether the principal work performed by alleged supervisors is different than their subordinates is qualitative, rather than quantitative. City of Freeport, 135 Ill. 2d at 518. The existence of supervisory authority, and the ability to impact a subordinate's employment, change the nature of the functions of the alleged supervisor and the subordinate, despite the facial similarity of their duties. City of Freeport, 135 Ill. 2d at 518. Neither the Labor Board nor the ALJ analyzed the question of whether, in performing administrative tasks which patrol officers do not perform, the sergeants' obligations to the Village create a potential conflict of interest with their participation in union activities. For this reason, we believe that the Labor Board applied an incorrect test in determining whether the Village's sergeants perform principal work which is substantially different than that of their subordinates. See City of Freeport, 135 Ill. 2d at 516-18.

Our analysis continues, however, as the Labor Board also concluded that the sergeants do not perform any of the 11 supervisory functions enumerated in section 3(r) of the Act, nor do they consistently use independent judgment in performing or

8

recommending any of the enumerated actions. These are questions of fact, and, as a consequence, the Labor Board's determinations will not be disturbed on review unless they are against the manifest weight of he evidence. City of Belvidere, 181 Ill. 2d at 204.

The second prong of the Act's supervisory definition specifies that an employee must have authority, in the interest of the employer, to perform one or more of 11 enumerated supervisory functions, or to effectively recommend such action. The Labor Board found that the Village failed to prove that the sergeants have the authority to perform any of the enumerated functions. In urging reversal, Village asserts that the record establishes that the sergeants have the authority to: determine whether a patrol officer should be given an emergency suspension, adjust grievances, recommend awards and commendations, direct and discipline subordinates, and refer disciplinary issues up the chain of command. The Village makes no argument concerning the sergeants ability to hire, transfer, lay off, recall, promote, or discharge a subordinate, and the record reflects that the sergeants have no authority to perform any of these functions.

On the ability of a sergeant to suspend or discipline a subordinate, the ALJ noted in her recommended decision that the rules and regulations of the Village's police department provide that, although final disciplinary authority and responsibility rests with the chief, other supervisory personnel may issue oral and written reprimands and emergency suspensions. Notwithstanding

9

the rules and regulations, the chief testified that only he or the lieutenant can impose discipline on subordinate officers. Sergeants may orally counsel subordinates who engage in inappropriate behavior, but such counseling sessions are neither memorialized nor recorded in the patrol officer's personnel file. Two sergeants testified that they have never reprimanded a subordinate. The evidence of record reflects that, when a subordinate engages in improper conduct, a sergeant writes a report to the lieutenant or to the chief outlining the facts of the incident, but no recommendation for discipline is made. The chief and the lieutenant independently investigate the incident, without input from the sergeant. Although it is theoretically possible for a sergeant to suspend a subordinate on an emergency basis, it has never been done. Further, if such a suspension were to occur, it would be with pay, and the matter would be investigated the following day by the chief or the lieutenant. The chief and the Village's Fire and Police Commission would make the final decision on any discipline.

The Labor Board concluded that the sergeants lack the authority to suspend or discipline a subordinate and that they merely report misconduct to the lieutenant, who independently investigates the matter. The Labor Board also found that the sergeants' reports to the lieutenant in such instances do not constitute a recommendation for discipline. Based upon the evidence of record, we cannot say that its conclusion in this

10

No. 1-09-1558

regard is against the manifest weight of the evidence, as an opposite conclusion is not clearly apparent. Abrahamson v. Illinois Department of Professional Regulation, 153 Ill. 2d 76, 88, 606 N.E.2d 1111 (1992).

The Village also asserts that the sergeants have the power to adjust first-step grievances. However, there is no evidence of record that a sergeant has ever adjusted any grievance at the first step. The chief testified that, when a subordinate files a grievance, the sergeant forwards the grievance to the lieutenant. One of the sergeants that testified before the ALJ stated that sergeants might attempt to resolve "informal" issues, but any grievance concerning the terms or conditions of the patrol officers' collective bargaining agreement are sent to the lieutenant. He testified that, other than forwarding a grievance to the lieutenant, the sergeants play no other role in adjusting a grievance. Two other sergeants testified that sergeants are not authorized to adjust grievances.

The Labor Board found that the sergeants lack the authority to adjust a grievance or to make effective recommendations with regard to their adjustment. We find that the evidence of record amply supports the Labor Board's finding in this regard.

Next, the Village contends that the sergeants can effectively recommend patrol officers for awards and commendations and that the chief relies upon the sergeants recommendations in such circumstances. The chief acknowledged that the police department

11

rules seemingly grant sergeants the ability to award divisional commendations. However, he testified that, department rules notwithstanding, only he or the lieutenant can issue an award. The only awards which are conferred upon members of the police department are honorable mentions and commendations. These awards are non-monetary and, according to the testimony of the chief, do not affect the terms and conditions of the recipient's employment, nor do they directly influence recommendations for promotion.

As the ALJ correctly noted in her recommended decision, the Labor Board has determined that non-monetary commendations that do not affect other terms and conditions of the recipient's employment do not constitute awards within the meaning of section 3(r) of the Act. <u>Illinois Fraternal Order of Police Labor Council v. McHenry</u>, 15 Pub. Employee Rep. (Ill.) par. 2014, at 77 (ISLRB February 26, 1999). Although the interpretation of statute is a question of law which we review <u>de novo</u> (<u>Taddeo v. Board of Trustees of the Illinois Municipal Retirement Fund</u>, 216 Ill. 2d 590, 595, 837 N.E.2d 876 (2005)), we will not substitute our construction of a statutory provision when, as in this case, the agency charged with the administration of the statute has adopted a reasonable interpretation (<u>Church v. State of Illinois</u>, 164 Ill. 2d 153, 162, 646 N.E.2d 572 (1995)). Adopting the Labor Board's interpretation of section 3(r), we find that the conclusion that the sergeants do not exercise the supervisory authority to reward patrol officers is not against the manifest weight of the evidence.

No. 1-09-1558

We are left then with the question of whether the Labor Board's finding that the sergeants do not possess the supervisory authority to direct subordinates is against the manifest weight of the evidence. The Labor Board has interpreted section 3(r) of the Act to mean that the responsibility for directing subordinates' work rises to the level of supervisory authority when the alleged supervisor exercises significant discretionary authority which affects the terms and conditions of the subordinate's employment. Illinois Fraternal Order of Police Labor Council v. McHenry, 15 Pub. Employee Rep. (Ill.) par. 2014, at 77 (ISLRB February 26, 1999); Chief Judge of the Circuit Court of Cook County v. American Federation of State, County and Municipal Employees, 9 Pub. Employee Rep. (Ill.) par. 2033, at 178 (ISLRB April 9, 1993). In this case, the Labor Board found that "there is absolutely no record evidence that the sergeants possess significant discretionary authority to affect their subordinates' terms and conditions of employment."

The Village argues that, when sergeants act as watch commanders, they direct subordinates in the performance of a variety of tasks. The sergeants grant permission for: strip searches, the movement of vehicles, domestic violence arrests, responses to requests by neighboring police departments for assistance, and the tranquilizing of animals. The record establishes that the sergeants make work assignments, review reports, approve leave and overtime requests, evaluate their

13

subordinates, and make staffing decisions. They ensure that their subordinates both perform their duties correctly and adhere to the rules, regulations, policies and procedures of the police department.

The ALJ found that most of a sergeant's duties are routine or clerical. She noted that: assignments, including vehicle assignments, are made based upon seniority; sergeants review reports for grammatical errors; the chief and the lieutenant establish the shifts and work schedules for patrol officers; the sergeants do make some staffing decisions, but minimum requirements must be met; only the two sergeants assigned to the investigation administrative divisions approve days off within their respective divisions; patrol officers pick vacations within divisions based upon seniority; and evaluation of subordinates is done by the sergeants as a group, not individually. The ALJ also concluded that other of the sergeants' decisions are merely based upon their superior knowledge and ability as police officers. The Labor Board found that the ALJ correctly decided the matters in dispute.

The police department's general orders provide that "[d]ays off will be selected at the discretion of the commander in charge of that division." In the case of the investigation and administrative divisions, the commanders are sergeants. The chief testified that, although the sergeant commanding the investigation division does not select the days off for the men under his command, he could, in his discretion, reject a request for a day

14

off. The chief also testified that the sergeant commanding the administrative division could, in his discretion, rearrange the days off for the individuals under his command "if it was in the best interest of the police department."

The evidence of record reflects that the chief and the lieutenant work on the day shift. In their absence, sergeants are the highest ranking officers on duty on the afternoon and midnight shifts in the patrol division, and they serve as watch commanders. Shift assignments and the scheduling of days off within the patrol division are made by the lieutenant on a seniority basis.

The Labor Board has rather consistently held that the ability to approve or deny a request for time off is a form of supervisory authority to direct within the meaning of section 3(r) of the Act (see Illinois Fraternal Order of Police Labor Council v. McHenry, 15 Pub. Employee Rep. (Ill.) par. 2014, at 77 (ISLRB February 26, 1999); City of Bloomington v. Laborers' International Union of North America, 13 Pub. Employee Rep. (Ill.) par. 2041, at 241 (ISLRB August 25, 1997); Village of Glen Carbon v. United Steelworkers of America, 8 Pub. Employee Rep. (Ill.) par. 2026, at 174 (ISLRB June 19, 1992); County of Knox v. Policemen's Benevolent Labor Committee, 7 Pub. Employee Rep. (Ill.) par. 2002, at 9 (ISLRB November 30, 1990)), unless the exercise of that authority merely involves decisions which are routine or ministerial in nature (see County of Kane v. American Federation of State, County and Municipal Employees, 7 Pub. Employee Rep. (Ill.) par. 2043, at 220

No. 1-09-1558

(ISLRB September 9, 1991).

In this case, the ALJ found that the sergeants' approval of leave, overtime and work breaks for subordinates is constrained by considerations of seniority and are routine and clerical in nature. She also found that, in making staffing decisions, sergeants must satisfy certain pre-determined staffing requirements.

Although it can be strongly argued that the sergeants exercise supervisory authority in their direction of subordinates, especially in the investigation and administrative divisions, the ALJ found that the Village failed to prove that in doing so the sergeants exercised independent judgement. In the absence of significant discretionary authority to affect the terms and conditions of their subordinates' employment, the authority which the sergeants possess is not the supervisory authority to direct employees within the meaning of section 3(r) of the Act. See Illinois Department of Central Management Services, 382 Ill. App. 3d at 227.

Given the police department's pre-determined staffing requirements and the consideration of seniority in decisions relating to subordinates' scheduling, leave, days off, overtime, and work breaks, we cannot say that the ALJ's conclusion that the Village failed to prove that the sergeants exercise independent judgment in the direction of their subordinates is against the manifest weight of the evidence. And, as noted earlier, the Labor Board concluded that the ALJ correctly decided the issues in

16

No. 1-09-1558

dispute.

Based upon the foregoing analysis, we conclude that the Labor Board's determination that the Village failed to prove that the sergeants perform any of the 11 enumerated supervisory functions set forth in section 3(r) of the Act with the requisite independent judgment is not against the manifest wight of the evidence. Having failed to establish that the sergeants meet all three parts of the test set forth in section 3(r) of the Act, the Village failed to sustain its burden of proving that the sergeants should be excluded from collective bargaining as statutory supervisors. For this reason, we affirm the judgment of the Labor Board.

Affirmed.

THEIS and KARNEZIS, JJ., concur.

17