2024 IL App (1st) 231311

THIRD DIVISION
May 8, 2024

No. 1-23-1311

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| JOHN TRAPP, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2022 CH 10189 |
| | ) | |
| THE CITY OF BURBANK FIREFIGHTERS' PENSION FUND and THE BOARD OF TRUSTEES OF THE BURBANK FIREFIGHTERS' PENSION FUND, | ) | Honorable Joel Chupack, Judge, presiding. |
| Defendants-Appellees. | ) | |

JUSTICE D.B. WALKER delivered the judgment of the court, with opinion.
Justices Lampkin and Van Tine concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff John Trapp filed a complaint for administrative review against defendants, the City of Burbank Firefighters' Pension Fund (Fund) and the Board of Trustees of the Burbank Firefighters' Pension Fund (Board), alleging that his pension benefits were improperly terminated following his plea of guilty to various federal crimes. The trial court affirmed the decision of the Board, and plaintiff now appeals, contending that the Board lacked jurisdiction to conduct an evidentiary hearing and enter an administrative decision. We affirm both the judgment of the trial court and the decision of the Board.

¶ 2                                    BACKGROUND

¶ 3    Plaintiff was born on February 23, 1964, and began working for the Burbank Fire Department on October 13, 1988.

¶ 4    On January 11, 2017, Burbank fire chief David Gilgenburg was notified of an inappropriate relationship between plaintiff and a 17-year-old girl (Victim A). Victim A worked as a high school cadet/intern at the Burbank Fire Department. The next day, Gilgenburg placed plaintiff on administrative leave and contacted the Burbank Police Department.

¶ 5    On January 17, 2017, plaintiff applied for retirement benefits with an effective date of January 16, 2017. At that time, he was eligible for a pension, having 28 years and 3 months of "creditable service." On September 12, 2017, the Board granted plaintiff a "regular" retirement pension benefit pursuant to section 4-109 of the Illinois Pension Code (Code) (40 ILCS 5/4-109 (West 2016)).

¶ 6    On December 5, 2019, the federal government formally charged plaintiff with violating 18 U.S.C. § 2252A(a)(5)(B) (2018), which prohibits the knowing possession of child pornography. Plaintiff pleaded guilty to this charge on September 29, 2020.

¶ 7    The factual recitation of the plea indicated that, from around December 2016 and continuing through January 2017, plaintiff had a sexual relationship with Victim A while plaintiff was employed as a firefighter and Victim A worked as a high school cadet/intern at the "same fire department." At the time of the offense, plaintiff was 54 years old and aware that Victim A was only 17 years old. During their relationship, plaintiff enticed Victim A to travel to a motel where they had sexual intercourse, and plaintiff further induced Victim A to create and send him two images and one video of her touching her genitals and another video of her masturbating. On June 17, 2021, plaintiff was convicted and sentenced to 6 months' incarceration.

¶ 8    On July 18, 2022, the Board held a hearing to determine whether plaintiff's felony conviction caused him to lose or forfeit his right to a pension pursuant to section 4-138 of the Code (40 ILCS 5/4-138 (West 2022)). Plaintiff's counsel initially orally moved to "dismiss the hearing" on the basis that the Board lacked jurisdiction to hear the cause. Counsel agreed that plaintiff's conviction occurred after plaintiff's retirement. Nonetheless, counsel noted that the Board had knowledge of the allegations against plaintiff both while he had been employed and at the time the Board granted his pension application. Counsel concluded that, since the Board failed to retain jurisdiction pending the outcome of the investigation, it lacked jurisdiction to consider the matter. Counsel admitted he did not have any case law to support his claim. The Board then denied the jurisdictional challenge and proceeded to hear the matter on the merits.

¶ 9    On September 12, 2022, the Board issued a written decision and order finding that plaintiff's federal conviction for possession or receipt of child pornography was "related to, arose out of, or was in connection with" plaintiff's service as a Burbank firefighter. The Board's decision further ordered plaintiff's retirement pension be "revoked and rescinded" and stated that plaintiff was no longer eligible for any benefits pursuant to article 4 of the Code effective July 19, 2022. 40 ILCS 5/art. 4 (West 2022).

¶ 10    On October 14, 2022, plaintiff filed his complaint for administrative review. Plaintiff asked the trial court to reverse the Board's decision and find, *inter alia*, that (1) the Board relinquished jurisdiction 35 days after it issued its decision awarding plaintiff his pension benefit on September 12, 2017; (2) the Board lacked jurisdiction to conduct a hearing on July 18, 2022, and its written decision and order of September 16, 2022, was void for want of jurisdiction; and (3) plaintiff should be awarded his benefits retroactive to July 18, 2022.

¶ 11    On June 23, 2023, the trial court issued its written decision rejecting plaintiff's claim and affirming the Board's decision. This timely appeal follows.

¶ 12                                    ANALYSIS

¶ 13    On appeal, plaintiff does not challenge the sufficiency of the evidence supporting the divestment of his pension; he contends that the Board lacked jurisdiction to do so. Plaintiff argues that the Board's failure to "appeal" its own decision awarding plaintiff a pension within 35 days of its award "strips" it of further jurisdiction. Plaintiff asserts that the Board knew of the underlying facts relating to the misconduct allegations against plaintiff but failed to "retain jurisdiction" following its award, which plaintiff argues would have allowed the Board to subsequently seek plaintiff's divestiture pursuant to section 4-138.

¶ 14    As a preliminary matter, we must comment on the quality of plaintiff's brief before this court. Plaintiff's statement of facts consists of merely two short paragraphs describing solely the events leading up to the Board's awarding of plaintiff's pension benefits in September 2017 but nothing thereafter. Plaintiff provides no facts concerning or leading up to the Board's subsequent termination of his pension benefits in 2022, the very events underlying the appeal he brings before us, in violation of Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020). While the court is generally appreciative of litigants who are concise in their writing, plaintiff's statement of facts here is not concise; it is patently inadequate. Rule 341 calls for the "facts necessary to an understanding of the case" (*id.*); it is not a license to cherry-pick. Our supreme court rules are not merely suggestions; they are rules that must be followed. *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 57. "Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal." *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). More specifically, an appellate court has the right to strike an appellant's brief and dismiss the appeal as a result of the appellant's failure to provide a complete statement of facts. *Alderson v. Southern Co.*, 321 Ill. App. 3d 832, 845 (2001). We recognize, however, that striking a brief or dismissing an appeal is a particularly harsh sanction. *In re Detention of Powell*, 217 Ill. 2d 123,

132 (2005). Although this deficient brief complicates our review, it does not completely frustrate it, so we will consider the merits of the appeal.

¶ 15    The Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2022)) governs our review of the Board's decision. 40 ILCS 5/4-139 (West 2022). The scope of our review comprises "all questions of law and fact presented by the record." *Village of Broadview v. Illinois Labor Relations Board*, 402 Ill. App. 3d 503, 505 (2010) (citing 735 ILCS 5/3-110 (West 2008)).

¶ 16    Plaintiff's claim of error centers on principles of statutory construction, which are well established. When construing a statute, our goal is to "ascertain and give effect to the intent of the legislature." *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009). This inquiry begins with the language of the statute, "the best indicator of legislative intent." *Id.* Where the language in the statute is clear and unambiguous, we apply the statute as written without resort to extrinsic aids of statutory construction. *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 6-7 (2009). Since all provisions of a statutory enactment are viewed as a whole, we interpret the statute in light of other relevant portions of the statute and do not construe words and phrases in isolation. *Carver v. Sheriff of La Salle County*, 203 Ill. 2d 497, 507-08 (2003). We must further presume that the General Assembly did not intend absurdity, inconvenience, or injustice. *Id.* at 508. In essence, we must employ a " 'practical and common-sense construction.' " *Hartney Fuel Oil Co. v. Hamer*, 2013 IL 115130, ¶ 25 (quoting *Automatic Voting Machine Corp. v. Daley*, 409 Ill. 438, 447 (1951)).

¶ 17    "The applicable standard of review depends upon whether the question presented is one of fact, one of law, or a mixed question of fact and law." *American Federation of State, County & Municipal Employees, Council 31 v. Illinois State Labor Relations Board, State Panel*, 216 Ill. 2d 569, 577 (2005). Where, as here, we are presented with a question of law, the Board's conclusions of law are reviewed *de novo*. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*,

228 Ill. 2d 200, 211 (2008). In addition, the interpretation of a statute is a question of law that we review *de novo*. *Kean*, 235 Ill. 2d at 361. Finally, whether an administrative agency has jurisdiction is a question of law that is reviewed *de novo*. *Austin Gardens, LLC v. City of Chicago Department of Administrative Hearings*, 2018 IL App (1st) 163120, ¶ 16.

¶ 18    Section 4-138 of the Code provides as follows: "None of the benefits provided under this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with service as a firefighter." 40 ILCS 5/4-138 (West 2022). Plaintiff, however, does not claim that he was not convicted of a felony arising out of or in connection with his service as a firefighter. Instead, he argues that, once the Board approved his application for a pension (while a criminal investigation into his relationship with a 17-year high school cadet/intern was in progress), the Board lost jurisdiction to appeal its own award 35 days after the date of that award pursuant to section 3-103 of the Code of Civil Procedure (735 ILCS 5/3-103 (West 2022)). Plaintiff notes that the Board awarded the pension on September 12, 2017, but it did not issue its order divesting plaintiff of his pension until exactly 5 years later, on September 12, 2022, which was well outside of the 35-day time limitation.

¶ 19    We reject plaintiff's characterization of the divestment hearing as an "appeal" of the initial award. There is nothing in the record before us indicating that *the Board* was challenging the basis of its own initial award of plaintiff's pension benefit application; to the contrary, it was a *new* action that the Board brought based upon new information. This new action sought to divest plaintiff of his pension award due to his conviction in federal court for possession of child pornography. Therefore, the 35-day time limitation prescribed in section 3-103 of the Code of Civil Procedure (*id.*) would only apply to the review of the Board's subsequent decision (on September 17, 2022) to divest plaintiff of his pension award, which plaintiff duly complied with when he filed his complaint for administrative review on October 14, 2022 (32 days after the

Board's written decision). Plaintiff's argument that the Board's September 2022 order (divesting plaintiff of his pension award) was an appeal of its September 2017 order is therefore unavailing.

¶ 20 Plaintiff's claim that the Board lacked jurisdiction is without merit, as well. It has long been held that a pension board " 'has no powers beyond those given to it in the act creating it, and has neither the right nor the power to pay moneys to anyone not within the terms of the act fixing the conditions under which a pension is payable.' " *Firemen's Annuity & Benefit Fund of Chicago v. Municipal Employees', Officers', & Officials' Annuity & Benefit Fund of Chicago*, 219 Ill. App. 3d 707, 713 (1991) (quoting *People ex rel. Langan v. Hansen*, 252 Ill. App. 212, 221 (1929), citing *People ex rel. Drea v. Hanson*, 330 Ill. 79 (1928)). Here, plaintiff was plainly ineligible for a pension benefit under the terms of section 4-138. The Board was therefore required by statute to divest plaintiff of his pension award because it no longer had the power to pay that money pursuant to section 4-138.

¶ 21 Nonetheless, plaintiff argues that, at the time the Board granted his pension benefit application, it knew of the "underlying facts of the allegations against [him]" but failed to "retain jurisdiction" pending the outcome of the investigation. Plaintiff then concludes that the Board's failure to do so deprived it of jurisdiction to "review *** and reverse its September 12, 2017, administrative decision." As noted above, the Board's September 2022 decision was the result of a new action, not a reversal of its September 2017 decision. Moreover, plaintiff's suggestion that the Board retain jurisdiction to enable it to divest a member of his award following a duty-related felony conviction would require the Board to retain jurisdiction in *every* granting of a member's application for a pension benefit. Plaintiff provides no indication—and we have found none—that the legislature intended such an absurdity. As noted above, we may not presume that the legislature intended absurdity or inconvenience. *Carver*, 203 Ill. 2d at 508. Rather, employing a "practical and common-sense construction," as we must (internal quotation marks omitted) (*Hartney Fuel*

7

*Oil*, 2013 IL 115130, ¶ 25), it is clear that section 4-138 of the Code permits the Board to file a new action, as it did here, to divest a member of his pension benefit award upon a conviction for a service-related felony without the need to "retain jurisdiction" upon the granting of the initial award. Plaintiff's argument on this point is therefore meritless.

¶ 22                                    CONCLUSION

¶ 23    The pension board did not lack jurisdiction to divest plaintiff of his pension benefits following his conviction for felony possession of child pornography, which occurred after the award of plaintiff's pension. Accordingly, we affirm both the judgment of the circuit court of Cook County and the decision of the Board.

¶ 24    Circuit court judgment affirmed.

¶ 25    Board decision affirmed.

***Trapp v. City of Burbank Firefighters' Pension Fund*, 2024 IL App (1st) 231311**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2022-CH-10189; the Hon. Joel Chupack, Judge, presiding. |
| **Attorneys for Appellant:** | Scott P. Moran, of Law Offices of Thomas W. Duda, of Palatine, for appellant. |
| **Attorneys for Appellee:** | Richard J. Reimer and Nemura G. Pencyla, of Reimer Dobrovolny & Labardi PC, of Hinsdale, for appellees. |