ARLANDA KING *et al.*, Plaintiffs-Appellants, v. KEVIN CLAY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—01—2762

Opinion filed November 14, 2002.

Renee T. Vogt, of Chicago, for appellants.

Matthew E. Luecke, of Thomas L. Burdelik & Associates, of Chicago, for appellee Kevin Clay.

PRESIDING JUSTICE THEIS delivered the opinion of the court:

Plaintiffs Arlanda King and Tamika Duprey brought this negligence action to recover damages from injuries allegedly sustained in an automobile accident in which they were passengers in a vehicle operated by defendant Dianna McGruder Greene[1] that collided with a vehicle operated by defendant Kevin Clay. After plaintiffs won the arbitration, Clay filed a notice of rejection of the arbitration award and a motion for summary judgment. The trial court granted his summary judgment motion. On appeal, plaintiffs assert that the trial court

---

[1]McGruder Greene was served by substitute service but never filed an appearance. While she did not appear at the arbitration hearing, the arbitrator found in her favor because no evidence was presented against her. Additionally, McGruder Greene did not bring either the motion to compel discovery or the motion for summary judgment, which are the subject of this appeal. Thus, McGruder Greene is not involved in this appeal.

abused its discretion in imposing sanctions against them and erred in granting Clay's motion for summary judgment. Additionally, plaintiffs argue that the trial court violated one of its local rules by granting Clay's motion to compel discovery after the discovery closure date. We agree that summary judgment was improperly granted in this case and reverse and remand for further proceedings.

Plaintiffs filed their complaint on March 8, 2000. On May 12, 2000, Clay propounded interrogatories, a notice of deposition for July 11, 2000, a request for production of documents and a notice to produce plaintiffs at arbitration and at trial. On May 18, 2000, plaintiffs served Clay with interrogatories, a notice of deposition for July 11, 2000, and a request for production of documents. On October 31, 2000, Clay served plaintiffs with a notice of deposition for November 30, 2000. On December 19, 2000, Duprey filed her answer to Clay's interrogatories. The trial court ordered that discovery be completed by January 26, 2001, and assigned the cause to mandatory arbitration.

On January 22, 2001, Clay filed his answers to plaintiffs' interrogatories and filed a motion to compel plaintiffs to answer outstanding written discovery and/or to appear for a discovery deposition. Clay did not request sanctions. The trial court entered an order on January 30, 2001, compelling plaintiffs to answer all written discovery by February 13, 2001, and to appear for a deposition within 21 days. The trial court's January 30 order also contained the following boilerplate language:

> "Failure to comply with the *specific* terms of this order *will* result in the plaintiff being barred from testifying *and* presenting any evidence at the arbitration and/or trial of this matter.
>
> The above stated sanction shall remain in effect until removed *by order of court* upon motion by the party against whom the sanction applies." (Emphasis in original.)

King filed his answers to Clay's interrogatories on February 16, 2001.

On March 30, 2001, an arbitration hearing was held with plaintiffs and Clay present. Although the record is silent on the matter, plaintiffs represent in their brief that they testified, were cross-examined and presented evidence at the arbitration and Clay concedes this representation. The arbitration award states that the hearing lasted about 90 minutes. The arbitrators found in favor of King in the amount of $4,272.88 and in favor of Duprey in the amount of $4,757.88. After determining that "no evidence" was presented against McGruder Greene, the arbitrator found in her favor. Clay filed a timely notice of rejection of the arbitration award on April 6, 2001.

On April 27, 2001, Clay filed a motion for summary judgment. He

stated in his motion that "[p]laintiffs did not comply with the specific terms of the January 30, 2001 order" because "[p]laintiffs were not presented for deposition before February 20, 2001." Consequently, "[p]laintiffs are barred from testifying and presenting any evidence at trial, therefore no issue of material facts exists, and judgment should be entered for the [d]efendant as a matter of law."

Plaintiffs responded and requested that the trial court deny Clay's motion, vacate the order of January 30, 2001, and set a date for plaintiffs' depositions. Plaintiffs stated that they were "ready to proceed for deposition but require[d] defense counsel's law firm to give [them] a date to appear." Attached to plaintiffs' response was the sworn affidavit of the deposition clerk for plaintiffs' attorney. She attested that "defense counsel never gave [her] another date [after the November 30, 2000, notice] for the plaintiffs to come in for deposition despite the entry of the January 30, 2001 order."

In his reply, Clay stated that "[p]laintiffs' counsel made no effort to present [p]laintiffs for deposition" after the trial court entered the January 30, 2001, order and attached the affidavit of his attorney's deposition clerk, who corroborated that statement. The trial court granted Clay's motion for summary judgment and entered judgment in favor of Clay and against plaintiffs. The record does not contain a transcript of this hearing and the written order is silent as to the court's reasoning. Additionally, the court did not create a separate order explaining in detail the reasons and basis for the sanctions imposed against plaintiffs.

Plaintiffs filed a motion to reconsider and asserted that "discovery closed in this case on January 26, 2001, and at the time of entry of the January 30, 2001, order, discovery was already closed." Plaintiffs stated that while the January 30, 2001, order required plaintiffs to appear for depositions within 21 days, Clay never gave them a date to appear for their depositions during that time. Plaintiffs attached King's affidavit that said they "appeared at the arbitration hearing and [were] willing to appear for deposition if [the trial court] deem[ed] it appropriate." The trial court denied plaintiffs' motion. Plaintiffs then filed this timely appeal.

In granting Clay's motion for summary judgment, the trial court apparently made two rulings. First, it imposed sanctions against plaintiffs, presumably under Supreme Court Rule 219(c), for failing to give their depositions before the date specified in the January 30, 2001, order. 166 Ill. 2d R. 219(c). We note that neither party questions the trial court's authority to impose sanctions on its own motion and, thus, decline to address that issue. Second, based on its sanction barring plaintiffs from testifying or presenting evidence at trial, the trial

court granted summary judgment to Clay because no genuine issue of material fact remained. We will address each ruling separately.

While plaintiffs contend that the trial court abused its discretion by barring them from testifying and presenting evidence at trial as a sanction for their alleged failure to give their depositions, they do not address the issue of whether they violated the court's order. Accordingly, without addressing the issue of whether plaintiffs violated the court's order, we will determine what, if any, sanction was appropriate for an assumed violation of the rules of discovery.

■ Rule 219(c) authorizes the trial court, "on motion," to impose a sanction upon any party who unreasonably refuses to comply with any provisions of the discovery rules or any order entered pursuant to these rules. 166 Ill. 2d R. 219(c); *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 120, 692 N.E.2d 286, 289 (1998). The decision to impose a sanction is within the discretion of the trial court, and thus, only a clear abuse of that discretion justifies reversal. *Shimanovsky*, 181 Ill. 2d at 120, 692 N.E.2d at 289. Because the purpose of these sanctions is to effect discovery rather than punish a party, a "just order" of sanctions under Rule 219(c) is one that, to the degree possible, insures both discovery and a trial on the merits. *Buffington v. Yungen*, 322 Ill. App. 3d 152, 154, 748 N.E.2d 844, 847 (2001). A trial court should use the following factors in determining what sanction, if any, to impose: (1) the surprise to the adverse party; (2) the prejudicial effect of the proffered testimony or evidence; (3) the nature of the testimony or evidence; (4) the diligence of the adverse party in seeking discovery; (5) the timeliness of the adverse party's objection to the testimony or evidence; and (6) the good faith of the party offering the testimony or evidence. *Shimanovsky*, 181 Ill. 2d at 124, 692 N.E.2d at 291. No single factor is determinative. *Shimanovsky*, 181 Ill. 2d at 124, 692 N.E.2d at 291.

■ Applying these factors to the present case, we find that the trial court abused its discretion in preventing plaintiffs from testifying and presenting any evidence at trial. First, Clay cannot claim surprise due to plaintiffs' failure to give their depositions. Once plaintiffs testified at the arbitration hearing and were cross-examined by Clay, Clay knew plaintiffs' version of events and their proposed trial testimony and had an opportunity to develop additional information. Thus, there was no need to take plaintiffs' depositions. Next, the prejudicial effect and nature of the evidence the trial court refused to allow were great. Plaintiffs were prevented from presenting any evidence or testifying in support of their negligence action at trial. After imposing this sanction, the trial court granted summary judgment to Clay, which essentially dismissed their claims with prejudice. Such a drastic sanction

is to be invoked only in those cases where the party's actions show a deliberate, contumacious or unwarranted disregard of the court's authority. *Shimanovsky*, 181 Ill. 2d at 123, 692 N.E.2d at 291. Plaintiffs did not exhibit such behavior in this case.

Moreover, Clay did not show sufficient diligence in seeking plaintiffs' depositions. Supreme Court Rule 206(a) provides that "[a] party desiring to take the deposition of any person upon oral examination shall serve notice in writing a reasonable time in advance on the other parties. The notice shall state the time and place for taking the deposition." 188 Ill. 2d R. 206(a). As Clay was the party desiring to take plaintiffs' depositions, he was required to schedule the depositions and provide plaintiffs with notice. After the entry of the January 30 order, Clay never served plaintiffs with notices for their depositions. Contrary to Clay's assertion, plaintiffs had no obligation to present themselves for depositions absent Clay's request.

Next, we find that Clay's objection to plaintiffs' presentation of testimony and evidence was not timely. The January 30, 2001, order required plaintiffs to give their depositions before February 20, 2001. Two months after the entry of the January 30 order and five weeks after the February 20 deadline, plaintiffs attended and participated by testifying and presenting evidence at the arbitration hearing. During this hearing, Clay apparently never objected to plaintiffs' participation or raised the alleged discovery violation. Moreover, he did not bring this alleged violation to the trial court's attention until nearly one month after the arbitration hearing. Clay's selective use of the January 30 order only after he lost the arbitration demonstrates that his delayed objection was not timely.

Lastly, we conclude that plaintiffs fairly demonstrated that they acted in good faith. The record reveals that Clay scheduled plaintiffs' depositions only twice, once on July 11, 2000, and again on November 30, 2000. Plaintiffs' attorney's deposition clerk averred that defense counsel never submitted another notice for plaintiffs' depositions even after the entry of the January 30, 2001, order. In their response and motion to reconsider, plaintiffs repeatedly stated that they were willing and available to give their depositions and had not done so only because they never received another notice for the depositions from Clay. Thus, plaintiffs acted in good faith.

We hold that the trial court's sanction of prohibiting plaintiffs from presenting any evidence or testimony at trial was unreasonable and an abuse of the court's discretion. Next, we must address whether the trial court correctly granted Clay's motion for summary judgment based on this sanction.

■ We apply *de novo* review to the trial court's granting of a mo-

tion for summary judgment. *Jones v. Chicago HMO Ltd. of Illinois*, 191 Ill. 2d 278, 291, 730 N.E.2d 1119, 1127 (2000). Summary judgment is properly granted when the pleadings, depositions, admissions and affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Jones*, 191 Ill. 2d at 291, 730 N.E.2d at 1127. Summary judgment is a drastic measure and should only be permitted when the right of the movant is clear and free from doubt. *Jones*, 191 Ill. 2d at 291, 730 N.E.2d at 1127.

 ■ In his motion for summary judgment, Clay relied exclusively on plaintiffs' discovery violation and the trial court's imposition of sanctions preventing plaintiffs from testifying or presenting evidence at trial. Because plaintiffs could not present any evidence, Clay argued, no issues of material fact existed and Clay was entitled to summary judgment. By granting the motion without a written explanation, the trial court apparently agreed. However, as discussed above, the trial court's sanction was an abuse of discretion, and thus, genuine issues of material fact remain. Accordingly, we find that the trial court erred in granting Clay's motion for summary judgment.

Due to our determination of this issue, it is not necessary for us to consider plaintiffs' claim that the trial court violated its local rule regarding the discovery cutoff date.

For all the foregoing reasons, the judgment of the circuit court is reversed and this cause is remanded for further proceedings.

Reversed and remanded for further proceedings.

HARTMAN and GREIMAN, JJ., concur.