# Illinois Official Reports

## Appellate Court

*Hajicek v. Nauvoo Restoration, Inc.*, 2014 IL App (3d) 121013

| | |
|---|---|
| Appellate Court Caption | JOHN HAJICEK, Plaintiff-Appellant, v. NAUVOO RESTORATION, INCORPORATED, an Illinois Not-for-Profit Corporation, Defendant-Appellee (Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, a Utah Corporation, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, a Utah Not-for-Profit Corporation; and Intellectual Reserve, Inc., a Utah Nonprofit Corporation, Defendants). |
| District & No. | Third District<br>Docket No. 3-12-1013 |
| Filed | March 27, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for breach of contract and specific performance arising from plaintiff's donation of a religiously significant painting to defendants in exchange for plaintiff being allowed to take possession of 10 to 20 Nauvoo Temple stones, the trial court erred in entering summary judgment for defendants based on the theory of rescission and in dismissing plaintiff's action with prejudice, since the theory was raised for the first time in defendant's motion to reconsider; therefore, the cause was remanded for further proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Hancock County, No. 04-L-2; the Hon. David F. Stoverink, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Talmadge G. Brenner, of Law Office of Talmadge Brenner PC, of Quincy, and James K. Horstman (argued), of Cray Huber Horstman Heil & VanAusdal LLC, of Chicago, for appellant.

Joshua G. Vincent (argued), of Hinshaw & Culbertson LLP, of Chicago, and Ambrose V. McCall, of Hinshaw & Culbertson LLP, of Peoria, for appellee.

Panel

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justice McDade concurred in the judgment and opinion.
Justice Wright specially concurred, with opinion.

**OPINION**

¶ 1    In an action for breach of contract and specific performance regarding some historic Mormon stones, the circuit court initially ruled in favor of the plaintiff, John Hajicek, denying the motion of the defendants, Nauvoo Restoration, Inc., Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, and Intellectual Reserve, Inc., for summary judgment. However, after granting the defendants' motion for reconsideration, the circuit court granted summary judgment in favor of the defendants, dismissing the plaintiff's action with prejudice. The plaintiff appealed.

¶ 2                                        FACTS
¶ 3    The plaintiff, John Hajicek, is a collector of historical Mormon artifacts. The defendants, Nauvoo Restoration, Inc. (NRI), Corporation of the President of the Church of Jesus Christ of Latter-Day Saints (COP), and Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, are affiliates and conduct business under the organization known as the Church of Jesus Christ of Latter-Day Saints. A fourth defendant, Intellectual Reserve, Inc., was dismissed and is not a party to this appeal.

¶ 4    On February 4, 2000, the plaintiff donated a religiously significant painting to COP, which was memorialized in an acquisition agreement dated February 4, 2000. In exchange, memorialized in a memorandum dated the same day, the plaintiff was to "select *your choice of* ten to twenty stones for your personal use from the ~~surplus~~ Nauvoo Temple stones." The italics and the cross-out were handwritten changes to the memorandum by Glen Leonard, the director of a museum owned and operated by COP, made without approval by anyone at NRI. When the plaintiff went to pick up the stones, NRI denied him access, saying that there were still questions regarding which stones he could have. In March 2000, COP returned the painting to the plaintiff. The plaintiff signed a receipt dated March 4, 2000, acknowledging receipt of the

painting. The president of NRI, Hugh Pinnock, sent a letter to the plaintiff on April 7, 2000, noting that he was not in a position to release any of the Nauvoo Temple stones at the time.

¶ 5 On February 5, 2004, the plaintiff filed a complaint against the defendants, alleging breach of contract and seeking damages and specific performance. On November 21, 2011, the defendants filed a motion for summary judgment, asserting four arguments: (1) there was no contract, because of a lack of consideration and no meeting of the minds; (2) that if a contract existed, the return of the painting constituted an accord and satisfaction; (3) the plaintiff's action was barred by *laches*; and (4) the plaintiff is not entitled to specific performance. The circuit court denied the motion for summary judgment, except as to the fourth defendant. The circuit court determined that there were material questions of fact as to: (1) whether the transfer of the painting was consideration for the transfer of the temple stones; (2) whether the parties had reached an objective meeting of the minds as to which stones were subject to the agreement; and (3) whether the plaintiff accepted the return of the painting as substitute performance in satisfaction of the defendants' alleged obligation to deliver the stones. It also determined that the plaintiff was not guilty of *laches* because he filed suit within the statute of limitations for contracts. Finally, the circuit court ruled that if the plaintiff could prove his case, he would be entitled to specific performance.

¶ 6 The three remaining defendants filed a motion for reconsideration, seeking to have the court reconsider the motion for summary judgment in light of recently disclosed evidence. The defendants argued that audio and video recordings that the plaintiff produced after the hearing on the motion for summary judgment, all contained on a DVD attached as an exhibit to the motion, supported their claims of accord and satisfaction and a new claim, rescission of the contract. The first audio file was a conversation with Jerry Goodwin, acting director of NRI, when the plaintiff arrived at NRI to pick up the stones. There was also a video of Kent Wood, a local church leader, returning the painting to the plaintiff. In that video, Wood indicated that negotiations had broken off and he was asked to return the painting to the plaintiff. Other than the exhibits related to the recordings, the defendants presented a group exhibit and three additional letters. The group exhibit consisted of documents that were already in the record and portions of the deposition testimony of the plaintiff and Leonard. As for the letters, all dated in April 2000, two had been filed in the case in conjunction with the summary judgment motion. The third letter was not previously in the record, but it was addressed to Elder Pinnock, and it was dated April 20, 2000. The defendants did not argue that it was newly discovered evidence.

¶ 7 In their reply memorandum, the defendants included nine additional exhibits. Exhibit 1 was a February 28, 2000, printout of pages from the plaintiff's website, which included a picture of the subject painting, indicating that it was part of his collection. The defendants were aware of, and referenced, the plaintiff's website in their memorandum in support of their motion for summary judgment. Exhibits 2 and 3 were further printouts of pages from the plaintiff's website, dated November 13, 2012. Exhibit 4 was a group exhibit containing email exchanges and letters between the plaintiff and book publisher Steven Bule. Those emails and letters were dated in 2002 and had previously been disclosed by the plaintiff in discovery. The emails indicated that the plaintiff had refused to allow the church to borrow the painting in 2002 and had sought a sole acknowledgement as the owner of the painting in Bule's book. Exhibit 5 was a portion of the plaintiff's deposition. Exhibit 6 contained two of the letters that were attached to the defendants' motion for reconsideration and had been provided in discovery. Exhibit 7 was an additional letter from Bule to the plaintiff, dated March 21, 2002,

which was disclosed as supplemental discovery to the defendants on September 9, 2011. Exhibit 8 was a copy of a loan agreement, on the defendants' letterhead, dated April 19, 2002. Exhibit 9 was a collection of pages of the book written by Bule. The defendants were provided with a copy of Bule's book at or before the plaintiff's deposition.

¶ 8    The plaintiff filed a motion to strike, or disallow, the new arguments and any arguments unrelated to newly discovered evidence. At the hearing on the motion, the plaintiff's counsel argued that the motion raised three new issues: (1) the plaintiff's rejection of the defendants' request to borrow the painting; (2) the plaintiff's correspondence with Bule; and (3) the plaintiff's promotion of the painting on his website. While the plaintiff's counsel did not specifically mention rescission, all three new issues were raised in the defendants' reply memorandum in support of the defendants' argument that the plaintiff's possession of the painting was a ratification or rescission. The circuit court allowed all of the evidence that was attached to the reply memorandum and denied the motion to strike.

¶ 9    The circuit court granted the motion for reconsideration, and granted summary judgment in favor of the defendants on both the issues of accord and satisfaction and rescission. The circuit court viewed the facts in the light most favorable to the plaintiff and found that there was still a question of fact whether there was ever a contract, but if there was a contract, the plaintiff's proprietary actions after the return of the painting constituted accord and satisfaction and rescission. Specifically, the circuit court relied on the fact that the plaintiff promoted the subject painting on the front page of his website, which was evidenced by the printouts from the plaintiff's website, attached as exhibits to the defendants' reply to their motion for reconsideration. Also, the circuit court relied on the fact that the plaintiff sought acknowledgement, without reservation, of ownership of the painting in Bule's book, and he refused to allow the church to borrow the painting that it allegedly owned. This finding was based upon the letters and emails between the plaintiff and Bule from the year 2002, which were also attached as an exhibit to the defendants' reply to their motion for reconsideration. The plaintiff appealed.

¶ 10                                                ANALYSIS

¶ 11    The plaintiff argues that the circuit court abused its discretion in granting the motion to reconsider because the defendants did not identify any relevant new law, nor identify errors in the circuit court's application of the law, and the newly discovered evidence did not warrant the entry of summary judgment. The defendants argue that the motion was properly granted based upon newly discovered evidence.

¶ 12    The purpose of a motion for reconsideration is to appraise a trial court of newly discovered evidence, a change in the law, or errors in the court's application of the law. *Farley Metals, Inc. v. Barber Colman Co.*, 269 Ill. App. 3d 104 (1994). The decision whether to grant or deny a motion for reconsideration is reviewed for abuse of discretion. *In re Marriage of Gowdy*, 352 Ill. App. 3d 301 (2004).

¶ 13    The defendants' motion was based upon new evidence, specifically, the audio and video recordings produced by the plaintiff. The plaintiff acknowledged that the recordings were newly discovered, but argued that they were not evidence because they lacked foundation and parts constituted hearsay. However, the plaintiff did not make those objections below. See *Werner v. Botti, Marinaccio & DeSalvo*, 205 Ill. App. 3d 673 (1990) (hearsay objections not raised at the trial level are waived on appeal); see also *Village of Arlington Heights v.*

- 4 -

*Anderson*, 2011 IL App (1st) 110748 (failure to make foundation objection on motion for summary judgment waives issue for appeal). Thus, we find that the circuit court did not abuse its discretion in relying on the recordings. However, we find that the circuit court abused its discretion in granting the motion to reconsider. Although the recordings were admittedly newly discovered, they did not provide the basis for the circuit court's decision to reconsider its denial of summary judgment. In making its decision, the circuit court specifically relied on the printouts of the plaintiff's website and the letters and emails between Bule and the plaintiff. That evidence, however, was not newly discovered. Although the printouts and the emails and letters were included as attachments to the defendants' reply to the motion for reconsideration, all of that evidence was available to the defendants at an earlier date. The defendants referred to the plaintiff's website in their motion for summary judgment, and it was never argued that the defendants could not access the plaintiff's website at any time. The letters and emails between Bule and the plaintiff had been disclosed to the defendants by the plaintiff in discovery.

¶ 14    After granting the motion to reconsider, the circuit court proceeded to grant summary judgment to the defendants on two grounds: (1) accord and satisfaction and (2) rescission. The plaintiff argues that summary judgment was improper on the defense of accord and satisfaction because material questions of fact remained, even if the recordings were considered. The defendants argue that the undisputed facts establish each element of accord and satisfaction.

¶ 15    To constitute an accord and satisfaction, there must be: (1) a *bona fide* dispute, (2) an unliquidated sum, (3) consideration, (4) a shared and mutual intent to compromise the claim, and (5) execution of the agreement. *Saichek v. Lupa*, 204 Ill. 2d 127 (2003). The intent of the parties is of central importance. *Saichek*, 204 Ill. 2d at 135. The doctrine of accord and satisfaction implies that the parties dispute an amount due on a contract but agree to give and accept something other than that which they thought was due in order to settle a claim. *Saichek*, 204 Ill. 2d at 136. The plaintiff argues that the record does not unequivocally establish that the defendants made a specific offer to the plaintiff or that the plaintiff accepted a specific offer.

¶ 16    It was assumed, for purposes of summary judgment, that there was a contract between the parties. For purposes of the appeal, the defendants conceded that there was a contract between the parties. Additionally, the facts are undisputed that the painting was returned to the plaintiff. It is also undisputed that the plaintiff never received any temple stones. The facts suggested that the defendants wanted to renegotiate the contract. However, there is no evidence in the record that a new offer was ever presented to the plaintiff. Thus, the doctrine of accord and satisfaction was not applicable under the facts, and the circuit court erred in granting summary judgment on this basis.

¶ 17    As for the alternate theory of rescission, the plaintiff argues that the circuit court also erred in granting the motion on that basis, when that theory was not pled by the defendants nor argued until the motion for reconsideration. The defendants argue that the rescission argument was based upon the recordings that the plaintiff failed to disclose.

¶ 18    The defendants did not assert the affirmative defense of rescission in their answer. It was also not raised in the motion for summary judgment; it was raised for the first time in the motion for reconsideration. Although, in his response to the motion for reconsideration, the plaintiff argued that there was no rescission, he did not make any argument with respect to the defendants' failure to raise the issue sooner. In the plaintiff's motion to strike the defendants' reply to their motion for reconsideration, however, the plaintiff contended that three arguments

were unrelated to the newly discovered evidence. All three arguments were raised in the defendants' brief in support of their argument that the plaintiff's possession of the painting constituted a ratification or a rescission. We find that, while the plaintiff did not specifically mention rescission, he did raise an objection to new arguments being raised in the motion to reconsider. Thus, the argument was not waived. See *Benson v. Stafford*, 407 Ill. App. 3d 902 (2010) (an argument that has not been raised in the trial court cannot be raised for the first time on appeal). We conclude that the circuit court erred in granting summary judgment in favor of the defendants on a theory that was not pled and was not raised until reconsideration. See *Barth v. Kantowski*, 409 Ill. App. 3d 420 (2011) (a litigant may not raise a new legal theory for the first time in a motion to reconsider). Since we have found the grant of summary judgment in favor of the defendants to be in error, we remand for further proceedings consistent with this opinion.

¶ 19                                    CONCLUSION

¶ 20          The judgment of the circuit court of Hancock County is reversed.

¶ 21          Reversed and remanded.

¶ 22          JUSTICE WRIGHT, specially concurring.

¶ 23          I agree with the majority's holding and write separately to emphasize the procedural history of this case. The trial court denied the request for summary judgment, finding, in part, an accord and satisfaction had not been established by undisputed material facts contained in the pleadings. After the court agreed with plaintiff that summary judgment was not in order, plaintiff produced preexisting recordings as part of ongoing discovery. Clearly, as noted by the majority, the tapes constituted newly discovered evidence but did not conclusively demonstrate a mutual intent to compromise as required for an accord and satisfaction.

¶ 24          I write separately because it appears to me that after defendants actually reviewed the sluggishly produced recordings, a new theory to defeat plaintiff's lawsuit based on rescission became apparent to defendants for the first time. Rather than file another motion for summary judgment advancing a new theory unavailable at the time of the original motion, defendants simply injected the new legal theory into a motion to reconsider the original pleading.

¶ 25          The well-established case law provides a party seeking reconsideration of a ruling on an original pleading cannot raise a new legal theory omitted from that motion. *Barth v. Kantowski*, 409 Ill. App. 3d 420, 426 (2011). Thus, regardless of whether plaintiff objected to this new theory or not, the trial court has no authority to consider a new legal theory omitted from the original pleading subject to reconsideration. I agree the matter should be remanded to the trial court to allow plaintiff to proceed to attempt to prove the allegations set forth in his complaint including, but not limited to, whether there was a sufficient meeting of the minds to give rise to an enforceable contract at all.