**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230119-U

Order filed December 31, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | Appeal from the Circuit Court |
| BRIAN HANDLER, | ) | of the 18th Judicial Circuit, |
| | ) | Du Page County, Illinois. |
| Petitioner-Appellee, | ) | |
| | ) | Appeal No. 3-23-0119 |
| v. | ) | Circuit No. 17-D-1174 |
| | ) | |
| ELIZABETH ABEYSEKERA, | ) | The Honorable |
| | ) | Robert E. Douglas, |
| Respondent-Appellant. | ) | Judge, presiding. |
| | ) | |

_____

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Holdridge and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  (1) The circuit court properly dismissed respondent's pleadings with prejudice pursuant to Illinois Supreme Court Rule 219(c). (2) The circuit court properly denied respondent's motions for reconsideration of its orders dismissing her pleadings with prejudice.

¶ 2    On October 15, 2019, the circuit court of Du Page County entered a judgment of dissolution

of marriage (dissolution judgment) between petitioner, Brian Handler, and respondent, Elizabeth

Abeysekera. The dissolution judgment required the parties to equally divide the expenses for their minor children, including for work-related daycare.

¶ 3    Respondent subsequently filed various petitions for rule to show cause, requesting, in part, that petitioner reimburse her for alleged work-related daycare expenses. Discovery ensued and petitioner later filed a motion to dismiss respondent's pleadings for failure to comply with discovery. On November 22, 2022, the circuit court granted petitioner's motion and dismissed respondent's pleadings with prejudice. Respondent filed motions to vacate, rehear, or modify the November 22 dismissal order (motions for reconsideration), which the circuit court denied. Respondent now appeals, and for the following reasons, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5    The parties were married and had five children. On June 6, 2017, petitioner filed a petition for dissolution of marriage and the circuit court subsequently entered an agreed allocation judgment, a provision of which required the parties to provide one another with the name of their employers and their employment addresses. On October 15, 2019, the circuit court also entered the dissolution judgment that required the parties to equally divided the expenses that they incurred on behalf of their minor children, such as for work-related daycare and agreed-upon extracurricular activities.

¶ 6    On June 8, 2021, respondent filed a petition for rule to show cause, alleging that petitioner had failed to reimburse her for certain work-related daycare expenses and agreed-upon extracurricular activities, and that she had "recently accepted employment as a 1099 Independent Contractor." As an exhibit to her petition, respondent attached a copy of an e-mail that she sent to petitioner and in which she stated that her position was with "a law firm in the city," that she did not have specified hours, and that she would be working from home most of the time.

2

¶ 7 Petitioner subsequently filed a petition for rule to show cause in which he argued that respondent had failed to provide the name and address of her employer, subpoenaed The Diggs Law Firm, LLC (Diggs) for records of respondent's employment, and sent respondent a notice to produce. Later also alleging that respondent had not tendered the discovery relevant to the issue of whether her claimed expenses were work-related, petitioner filed a motion to continue the hearing that was scheduled on the parties' motions for rule to show cause. The circuit court granted petitioner's motion to continue and ordered his obligation to reimburse respondent's childcare expenses to be conditioned upon respondent providing further information regarding the childcare provider.

¶ 8 In September 2021, petitioner filed a second petition for rule to show cause, alleging that Diggs failed to comply with his subpoena, and a motion to further continue the hearing on the parties' petitions for rule to show cause because of Diggs's noncompliance. Petitioner also filed a motion to compel discovery, attaching as an exhibit a copy of a letter that respondent's attorney sent to petitioner's attorney stating that respondent had resigned from her position at Diggs and that the outstanding discovery would be provided before September 1. Alleging that he had received only incomplete discovery as of September 16, petitioner filed a motion for discovery sanctions. Respondent subsequently filed a proof of service, attached to which was a copy of her answer to petitioner's notice to produce. In her answer, respondent stated that she was an independent contractor who worked from home and had no employment schedule and that she had already produced her only employment contract. The circuit court ordered respondent to produce all records of her employment within 14 days and Diggs to produce records of the hours that respondent worked and the compensation that she earned within 21 days.

¶ 9 On October 13, respondent filed an emergency petition for rule to show cause alleging that, at the end of August 2021, she began working as a part-time gymnastics coach at the YMCA; that she employed Brittany Battaglia to provide childcare while she worked; and that petitioner had never paid any portion of his 50% share of the resultant work-related childcare expenses. Petitioner later issued a subpoena upon the YMCA for all documents related to respondent's employment and two subpoenas for deposition upon Battaglia. Respondent filed a motion to quash the subpoena upon the YMCA, and the circuit court granted the motion in part, ordering the YMCA not to provide the complete copy of respondent's employee file sought by the subpoena.

¶ 10 On December 3, after hearing was originally scheduled on certain pending pleadings, petitioner filed a motion to continue the hearing because respondent cancelled the deposition of Battaglia. The circuit court granted the motion. On July 18 of the following year, respondent filed a motion to modify child support, alleging that she had been working part-time as a gymnastics instructor, first at the YMCA and then at a private company, and that she was unable to continue her job working from home due to the cost of childcare.

¶ 11 Following multiple pretrial conferences, respondent filed another petition for rule to show cause alleging that petitioner had contributed nothing toward her work-related childcare costs. On September 7, 2022, the circuit court entered an order requiring the parties to respond to discovery before September 23 and providing that the failure of a party to timely respond would result in the dismissal of the pleadings filed by that party.

¶ 12 On October 25, after having received incomplete and untimely responses to discovery, petitioner filed a motion to dismiss respondent's pleadings. Respondent filed an answer to the petition and stated therein that she was employed part-time by the YMCA as a gymnastics instructor, starting around December 19, 2019 and during the time when she was also employed

4

by Diggs. Respondent further stated that the response to petitioner's subpoena upon the YMCA included a report that showed all the hours that she worked at the YMCA from December 19, 2019 through October 24, 2021, and that she "held a number of part time jobs" from October 12, 2021 through September 1, 2022, including at American Academy, Flips, and Lake Forest Gymnastics. Respondent admitted that she tendered paystubs from Lake Forest Gymnastics Academy and Lake County Crisis Center, which petitioner alleged were provided on September 28, 2022.

¶ 13    On November 22, 2022, the circuit court granted petitioner's motion to dismiss and struck and dismissed all of respondent's pending pleadings. Respondent subsequently filed her six motions for reconsideration, all of which were denied. Respondent now appeals.

¶ 14                                II. ANALYSIS

¶ 15    On appeal, respondent argues that the circuit court erred by dismissing her pleadings with prejudice and denying her motions for reconsideration. We will address each of her arguments in turn.

¶ 16                         A. Dismissal with Prejudice

¶ 17    As an initial matter, it is unclear from the available record whether the circuit court ordered the November 22 dismissal with prejudice pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2016)), Illinois Supreme Court Rule (Rule) 219, or other relevant authority. Seemingly based on the fact that petitioner's motion to dismiss states that it was brought under section 2-619, respondent asserts that the dismissal with prejudice was "ostensibly" ordered pursuant to this same statutory section. Respondent argues, however, that the circuit court erred by dismissing her pleadings pursuant to this section because violation of a court order is not a basis for a section 2-619 dismissal, the circuit court failed to draw all reasonable inferences from her

5

petitions, and petitioner did not attach an affidavit to his motion or specify the subsection under which dismissal was warranted.

¶ 18 In response, petitioner argues that the circuit court properly dismissed respondent's pleadings as a sanction under Rule 219 because she failed to comply with discovery. Petitioner also argues that the dismissal with prejudice was proper pursuant to the circuit court's inherent authority to control its docket.

¶ 19 In Illinois, "[a] dismissal order may be affirmed 'if it is justified in the law for any reason or ground appearing in the record regardless of whether the particular reasons given by the trial court, or its specific findings, are correct or sound.' " *BDO Seidman, LLP v. Harris*, 379 Ill. App. 3d 918, 923 (2008). Thus, our case law contains instances in which we have affirmed a dismissal order on grounds other than those relied upon by the circuit court. See, *e.g.*, *CITGO Petroleum Corp. v. McDermott International, Inc.*, 368 Ill. App. 3d 603, 606 (2006) (affirming the circuit court's dismissal order on other grounds). Here, we will start by analyzing whether the circuit court properly dismissed respondent's pleadings with prejudice pursuant to Rule 219, regardless of whether this was the authority that the circuit court actually relied upon in its decision.

¶ 20 "Rule 219(c) authorizes a [circuit] court to impose a sanction, including dismissal of the cause of action, upon any party who unreasonably refuses to comply with any provisions of [the] court's discovery rules or any order entered pursuant to [those] rules." *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 120 (1998). The sanctions authorized under Rule 219 are intended to combat abuse of the discovery system and to maintain the integrity of our court system. *Smith v. P.A.C.E.*, 323 Ill. App. 3d 1067, 1075 (2001). Thus, when imposing a sanction, a court's purpose must be to promote discovery rather than to punish a litigant. *Cronin v. Kottke Associates, LLC*,

2012 IL App (1st) 111632, ¶ 35. "A just order of sanctions under Rule 219(c) is one which, to the degree possible, insures both discovery and a trial on the merits." *Shimanovsky*, 181 Ill. 2d at 123.

¶ 21     Dismissal with prejudice is a "drastic sanction" to be imposed only where the offending party's actions show a deliberate, contumacious, or unwarranted disregard of the court's authority. *White v. Henrotin Hospital Corp.*, 78 Ill. App. 3d 1025, 1028 (1979). Dismissal with prejudice should also only be employed as a last resort after all the court's other enforcement powers have failed to advance the litigation. *Id*.

¶ 22     We review the circuit court's imposition of a particular sanction for an abuse of discretion. *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 67 (1995). To determine if the circuit court abused its discretion, a reviewing court must examine the criteria that the circuit court relied upon in deciding which sanction to impose. *Shimanovsky*, 181 Ill. 2d at 123. The factors that a circuit court must use to determine whether sanctions are warranted are:

> "(1) the surprise to the adverse party, (2) the prejudicial effect of the proffered testimony or evidence; (3) the nature of the testimony or evidence; (4) the diligence of the adverse party in seeking discovery; (5) the timeliness of the adverse party's objection to the testimony or evidence; and (6) the good faith of the party offering the testimony or evidence." *Id.* at 124; *Locasto v. City of Chicago*, 2014 IL App (1st) 113576, ¶ 35.

No single factor is determinative. *King v. Clay*, 335 Ill. App. 3d 923, 927 (2002).

¶ 23     Relevant to the weighing of the above factors in this case, on September 7, 2022, the circuit court entered an order requiring both parties to tender their respective Comprehensive Financial Statements with all supporting documentation, as well as to answer all notices to produce issued before the date of the order, before September 23, 2022. The order further provided that the failure

to timely tender any document would result in the dismissal of all pleadings filed by the offending party.

¶ 24 It was not until September 23 that respondent tendered a financial affidavit, her tax returns, bank statements, various household bills, answers to petitioner's earlier notice to produce, and screenshots of Venmo payments. On September 28, respondent tendered paystubs from Lake Forest Gymnastics Academy and Lake County Crisis Center. In his subsequently filed motion to dismiss, petitioner asserted that, as of October 25, respondent still had not fully responded to his notice to produce, in that she still had not tendered income information for various periods, bank statements dating back from January 1, 2021, and documentation of her employment schedule.

¶ 25 It is likely that petitioner would have incurred some surprise and prejudice from the evidence that respondent had not timely tendered because such information pertained to her work history and, in turn, better enabled a determination of whether the childcare expenses that she allegedly incurred, and for which she argued that petitioner was responsible for reimbursing, were, in fact, work-related. If the circuit court had permitted the proceedings on respondent's pleadings to continue, then petitioner would have had less time and possibly lacked necessary information to prepare his defense against respondent's claims related to any work-related childcare expenses. Thus, the first two of the above factors weighed in favor of a sanction being imposed against respondent.

¶ 26 As to the third factor, the nature of the evidence that respondent failed to timely tender also weighed in favor of her being sanctioned because, as the preceding analysis shows, that evidence was highly relevant to the ultimate determination of the amount of work-related childcare expenses that petitioner was obligated to reimburse, if any. Related to the next two factors, petitioner was diligent in seeking discovery and timely objected to the evidence that respondent failed to tender

before September 23, in that, prior to filing his motion to dismiss, petitioner filed multiple petitions for rule to show cause for failure to comply with discovery and motions to compel discovery and for sanctions. Additionally, petitioner filed his motion to dismiss only about one month following the circuit court's September 23 discovery deadline set in its September 7 order and prior to when the ultimate determination was made regarding the amount that he owed respondent for work-related childcare expenses. Thus, the fourth and fifth factors likewise weighd in favor of the circuit court imposing a sanction against respondent.

¶ 27 Bearing upon the issue of whether respondent acted in good faith in failing to timely tender her discovery, at the hearing on petitioner's motion to dismiss, respondent's counsel explained that it was his fault that respondent's discovery was untimely because he misread the September 7 order, which stated that discovery was due *before* September 23, to instead state that discovery was due *on or before* September 23. As to the financial affidavit that respondent tendered on September 23, she also argued that the applicable local rules did not require her to tender the document in the context of this action.

¶ 28 Regardless of whether it was true that the local rules did not require respondent to tender a financial affidavit, there is nothing that precluded the circuit court from ordering respondent to tender this document anyway. Furthermore, although respondent's counsel claimed to understand the September 7 order to require respondent to comply with discovery by September 23, such does not explain respondent's act of tendering certain materials as late as September 28. Additionally, as indicated by petitioner's previously filed petitions for rule to show cause and motions to compel discovery and for sanctions, there had been multiple instances during the underlying proceedings in which respondent allegedly failed to offer timely and complete responses to discovery. Such repeated instances and the circuit court's prior warning that lack of compliance by September 23

would result in dismissal both support an inference that respondent's ultimate noncompliance was willful, despite her counsel's claims of inadvertence. See *In re Marriage of Keegan and Papin*, 2022 IL App (2d) 190495, ¶ 47 (finding that the petitioner's failure to attend her deposition could have been found to be willful where the circuit court previously warned the petitioner that the failure to support her claims could result in evidence being barred). Thus, this factor is neutral, and the majority of the governing factors weighed in favor of the circuit court imposing a sanction against respondent.

¶ 29    Once a circuit court determines that sanction are, in fact, warranted, it must next weigh the following four additional factors in deciding whether to dismiss the offending party's action:

"(1) the degree of the party's personal responsibility for the noncompliance, (2) the level of cooperation and compliance with previous discovery and sanction orders, (3) whether less coercive measures remain available or, based on the record, would be futile; and (4) whether the recalcitrant party had been warned, orally or in writing, about the possibility of entry of an order of default or dismissal." *Locasto*, 2014 IL App (1st) 113576, ¶ 35.

¶ 30    Applying the above additional four factors to this case, first, and as earlier noted in our analysis, respondent's counsel admitted that he personally misread the September 7 order to permit respondent to tender her discovery on September 23. However, as also earlier noted, this misreading by respondent's counsel does not explain her failure to tender some materials at all, or until as late as September 28. Nor has any other explanation been offered for respondent's noncompliance. Thus, this factor is neutral.

¶ 31    Next, and as again earlier mentioned, there were various times throughout the underlying proceedings when respondent was alleged to have failed to comply with discovery, prompting petitioner to file petitions for rule to show cause and motions to compel discovery and for

10

sanctions, and it is unclear what lesser sanction the circuit court could have imposed that would have had a reasonable chance of being effective. Last, the circuit court warned both parties in its September 7 order that failure to abide by the September 23 deadline would result in dismissal of all pleadings filed by that party. Thus, the applicable factors weighed in favor of dismissal with prejudice. Furthermore, having concluded that the relevant criteria to be considered by the circuit court supported dismissing respondent's pleadings with prejudice pursuant to Rule 219, we need not analyze whether the dismissal with prejudice was also supported on any other grounds.

¶ 32                            B. Motions for Reconsideration

¶ 33        Finally, respondent argues that the circuit court erred by denying her motions for reconsideration of its November 22 order. "The purpose of a motion for reconsideration is to appraise a [circuit] court of newly discovered evidence, a change in the law, or errors in the court's application of the law." *Hajicek v. Nauvoo Restoration, Inc.*, 2014 IL App (3d) 121013, ¶ 12. The denial of a motion for reconsideration will not be reversed absent an abuse of discretion. *American National Trust Co. of Chicago v. Kentucky Fried Chicken of Southern California, Inc.*, 308 Ill. App. 3d 106, 120 (1999).

¶ 34        According to respondent, her motions for reconsideration should have been granted and the circuit court should have vacated the November 22 order because it misapplied the law therein. For the foregoing reasons, we have already found that the circuit court's act of dismissing respondent's pleadings with prejudice was a proper application of the law. It therefore follows that the circuit court also properly denied respondent's motions for reconsideration.

¶ 35                               III. CONCLUSION

¶ 36        The judgment of the circuit court of Du Page County is affirmed.

¶ 37        Affirmed.

11